UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
VINCENT FINNEGAN,

                    Plaintiff,

        - against -

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.
--------------------------------------------------------x

**MEMORANDUM & ORDER**
21-CV-2070 (PKC)

PAMELA K. CHEN, United States District Judge:

     Plaintiff Vincent Finnegan ("Plaintiff") filed this action pursuant to 42 U.S.C. § 405(g) to challenge an adverse determination by the Social Security Administration ("SSA"), which denied Plaintiff benefits. After Plaintiff filed a motion for judgment on the pleadings, the parties stipulated to remand the case to the SSA. The Court granted the parties' joint motion and remanded to the SSA, where Plaintiff was awarded roughly $307,647 in past-due benefits. Plaintiff's counsel, Christopher James Bowes ("Attorney Bowes"), now moves for attorney's fees pursuant to 42 U.S.C. § 406(b).[1] For the reasons explained below, Attorney Bowes's motion is granted.

## BACKGROUND

     Plaintiff initially applied for Disability Insurance Benefits on September 12, 2013, and received a final administrative decision denying his claim on March 22, 2017. (*See* Dkt. 21 ("Bowes Decl.") ¶¶ 4, 8.) Plaintiff, through Attorney Bowes, brought a civil case in 2018 to challenge the administrative action. (*Id.* ¶ 9); *see also Finnegan v. Comm'r of Soc. Sec. Admin.* [hereinafter *Finnegan I*], No. 18-CV-2112 (MKB) (E.D.N.Y. Apr. 9, 2018), Dkt.1. In August

---

[1] Plaintiff's counsel does not request costs, only attorney's fees.

2019, the Court remanded the case to the agency and awarded Attorney Bowes $5,050 in Equal Access to Justice Act ("EAJA") fees, 28 U.S.C. § 2412, for 27.4 hours of work. (Bowes Decl. ¶¶ 11–13); *see also Finnegan I* at Dkts. 19, 24.

On remand, Plaintiff was once again denied benefits by the agency, and subsequently filed the instant action on April 15, 2021. (Dkt. 1.) After Plaintiff filed a motion for judgment on the pleadings, (*see* Dkt. 13), the parties stipulated to remand the case to the SSA, (*see* Dkt. 18). Subsequently, the Court granted the joint motion and remanded to the SSA for a second time. (*See* 3/21/2022 Docket Order.) Counsel did not seek attorney's fees pursuant to the EAJA upon the second remand. (Mem. L. Supp. Att'y Fees, Dkt. 22 ("Pl.'s Mem."), at ECF 8.[2]) On May 4, 2024, the SSA mailed Plaintiff a Notice of Award letter informing him that he would receive $307,637 in past-due benefits, with 25% ($76,909.25) withheld as possible fees for his attorney. (Dkt. 21 at ECF 22 ("Your past-due Social Security benefits are $307,637.00 for September 2013 through September 2023. . . . We withheld $76,909.25 . . . in case we need to pay your representative.").) By motion filed on May 20, 2024, Attorney Bowes now requests the Court to direct the Commissioner to disburse $66,815.14 to him for work performed before this Court, subtracting from the total amount of withheld fees the $5,050 in EAJA fees that Attorney Bowes received in the 2018 civil action, as well as the $5,042.09 in EAJA fees that he could have sought in this action upon remand but did not seek—a total of $10,092.09.[3] (Dkt. 20 ¶¶ 2–3.)

---

[2] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

[3] Attorney Bowes states that he "did not seek attorney fees pursuant to the [EAJA] in the 2021 action," even though "the Commissioner would have been liable for these attorney fees because his position was not substantially justified." (Bowes Decl. ¶ 29.) Attorney Bowes therefore requests that the Court credit Plaintiff the value of the EAJA fees anyway "[t]o provide

Along with the instant motion, counsel submitted the fee agreements for both the 2018 action and this action, demonstrating that, each time, Plaintiff retained Attorney Bowes on a 25% contingency-fee basis, and itemized time records, indicating that Bowes spent a total of 50.3 hours litigating this matter before this Court, including 27.4 hours for the 2018 action and 22.9 hours for the instant action.  (Dkt. 21 at ECF 14, 16, 18, 29.)  $76,909.25 for 50.3 hours of work would be an effective hourly rate of $1,529.01 per hour.

## DISCUSSION

### I.    Timeliness

Motions for attorney's fees under 42 U.S.C. § 406(b) must be filed within the 14-day filing period proscribed by Rule 54(d) of the Federal Rules of Civil Procedure.  *Sinkler v. Berryhill*, 932 F.3d 83, 91 (2d Cir. 2019).  The 14-day period begins to run from when "counsel receives notice of the benefits award," and the law presumes that "a party receives communications three days after mailing."  *Id.* at 87–89 & n.5.  Furthermore, because Rule 54(d) allows judges to extend the 14-day deadline by court order, "district courts are empowered to enlarge that filing period where circumstances warrant."  *Id.* at 89.

Plaintiff's counsel received the notice of benefits award on May 6, 2024.  (Bowes Decl. ¶ 35.)  This motion was filed on May 20, 2024.  (Dkt. 22.)  The motion is thus timely filed.

### II.    Reasonableness of the Requested Fee

#### A.    Legal Standard

Section 406(b) of the Social Security Act provides that a court may award a "reasonable fee . . . not in excess of 25% of the total of the past-due benefits to which the claimant is

---

[Plaintiff] with the benefit of those fees not requested."  (*Id.*)  The Court further notes that $76,909.25 less $10,092.09 equals $66,817.16, about two dollars more than the $66,815.14 that Attorney Bowes calculates.  (*Id.* ¶ 30.)  The Court, however, is neutral on whether Attorney Bowes is entitled to the two-dollar difference in attorney's fees.

entitled." 42 U.S.C. § 406(b). If the contingency percentage is within the 25% cap, and there is no evidence of fraud or overreaching in making the agreement, a district court should test the agreement for reasonableness. *Fields v. Kijakazi*, 24 F.4th 845, 853 (2d Cir. 2022).

To determine whether a fee is reasonable, a district court should consider (1) the character of the representation and the results the representative achieved; (2) whether counsel was responsible for a delay, unjustly allowing counsel to obtain a percentage of additional past-due benefits;[4] and (3) whether the requested amount is so large in comparison to the time that counsel spent on the case as to be a windfall to the attorney." *Id.* at 849 & n.2, 853 (2d Cir. 2022).

With respect to whether a fee would be a "windfall," the Second Circuit in *Fields* emphasized that "the windfall factor does *not* constitute a way of reintroducing the lodestar method and, in doing so, . . . indicate[d] the limits of the windfall factor." *Id.* at 854. Rather, "courts must consider more than the de facto hourly rate" because "even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." *Id.* at 854. The Second Circuit instructed courts to consider (1) "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do," (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level," (3) "the satisfaction of the disabled claimant," and (4) "how

---

[4] This is because the amount of benefits a successful plaintiff receives is calculated from the date of onset up to the date the SSA awards benefits on remand. *See Fields*, 24 F.4th at 849 n.4 ("Undue delay can be a particular problem in cases like these, in which past-due benefits are at stake. Because delay increases the size of a plaintiff's recovery, it may also increase disproportionately a lawyer's contingent fee recovery. [W]here the attorney is responsible for delay, the attorney should not be allowed to profit from the accumulation of benefits during the pendency of the case in court." (internal quotation marks and citation omitted)).

uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Id.* at 854–56.  Ultimately, a district court may reduce the amount called for in the contingency fee agreement "only when [the court] finds the amount to be unreasonable," after considering the factors outlined above. *Id.* at 852–53.

In addition, if fee awards are made to a claimant's attorney under both the EAJA and § 406(b), the attorney must refund the claimant the amount of the smaller fee. *Gisbrecht v. Barnhart*, 535 U.S. 789, 789 (2002); *Wells v. Bowen*, 855 F.2d 37, 48 (2d Cir. 1988) ("Once appropriate fees under 42 U.S.C. § 406(b) are calculated, the district court should order [the attorney] to return the lesser of either that amount or the EAJA award to his clients."); *Barbour v. Colvin*, No. 12-CV-548 (ADS), 2014 WL 7180445, at *2 (E.D.N.Y. Dec. 10, 2014) (citing *Porter v. Comm'r of Soc. Sec.*, No. 06-CV-1150 (GHL), 2009 WL 2045688, at *3 (N.D.N.Y. July 10, 2009)).

**B.    Application**

Here, Plaintiff twice retained Attorney Bowes pursuant to two 25% contingency-fee agreements.  (Bowes Decl. at ECF 14, 18.)  There are no allegations of fraud or overreaching with respect to the retainer agreements.  At 50.3 hours of work, the effective hourly rate would be $1,529.01 per hour.  For the reasons explained below, the Court finds that amount to be reasonable in the context of this case.

To determine reasonableness, the Court considers "the character of the representation and the results the representative achieved." *Fields*, 24 F.4th at 849.  Here, since there was a stipulation of remand in the 2021 civil action, there was no Court order.  (Dkt. 18.)  In the 2018 civil action, however, counsel's briefing identified the grounds on which the Court ultimately

remanded. *Finnegan I*, at Dkts. 13, 19. Accordingly, this factor weighs in favor of granting the requested award.

Second, the Court must determine whether counsel was responsible for unreasonable delays. *Id.* Here, the Court notes that Attorney Bowes requested one 11-day extension to file Plaintiff's motion for judgment on the pleadings. (*See* Dkt. 11.) In the 2018 civil action, Attorney Bowes requested two extensions, one for a period of 28 days and another for a period of three months and 12 days, explaining that the second, longer delay was requested in light of the illness and subsequent passing of his sister-in-law. *See Finnegan I* at Dkts. 8, 11. The Court does not consider the 11-day delay in the 2021 civil action to be an undue delay, since it involved a single request of a reasonable length that Plaintiff's counsel subsequently met. That said, the longer delay in the 2018 civil action—spanning almost four months—is still significant notwithstanding Attorney Bowes's otherwise sympathetic personal circumstances. The Court notes, however, that Attorney Bowes has elected to credit Plaintiff with $5,042.09 in EAJA fees that he could have requested from the Court in 2021 but did not seek, explaining to the Court that he has done so in order "[t]o provide [Plaintiff] with the benefit of those fees not requested." (Bowes Decl. ¶ 29.) Given these considerations, the Court holds that a second downward adjustment of the attorney's fees due to the delay in the 2018 action is not necessary.[5]

The third consideration with respect to reasonableness is whether the requested amount constitutes a "windfall." *Fields*, 24 F.4th at 849. As noted above, Plaintiff's counsel seeks an award tantamount to an effective hourly rate of $1529.01. Such an award, while relatively high, is not unprecedented, especially given that this fee determination considers Attorney Bowes's

---

[5] However, the Court notes, for Attorney Bowes's benefit, that had he not agreed to forego the EAJA fees, the Court would have reduced his hourly rate for the almost four-month delay caused by Bowes's personal circumstances.

representation of Plaintiff through two civil actions, as well as an agency hearing and appeal. *See*, *e.g.*, *Hennelly v. Kijakazi*, No. 20-CV-4786 (JGK), 2023 WL 3816961, at *2 (S.D.N.Y. June 5, 2023) (awarding fees at an effective hourly rate of $1,705.16 after single remand to the agency). In any event, "rejecting an award based solely on the *de facto* hourly rate would ignore the numerous other objectives this scheme was intended to promote." *Caudy v. Colvin*, No. 13-CV-2314 (AKH), 2020 WL 5440471, at *3 (S.D.N.Y. Sept. 9, 2020). In considering these other objectives, the Court analyzes four factors in determining whether a requested amount qualifies as a windfall. *Fields*, 24 F.4th at 854–56.

First, with respect to "the ability and expertise of the lawyers and whether they were particularly efficient," the Court believes that 50.3 hours was a reasonable amount of time to spend on this matter. In *Fields*, the Second Circuit found that 25.8 hours reviewing an 863-page transcript, drafting a 19-page brief, and then obtaining a stipulation of dismissal demonstrated particular efficiency, and that "other lawyers might reasonably have taken twice as much time" to do the same work, justifying a *de facto* hourly rate of $1,556.98. 24 F.4th at 854. Here, the transcript was 614 pages, (Dkt. 9), the opening brief was 25 pages, (Dkt. 14), and Plaintiff's counsel obtained a stipulation of remand, (Dkt. 18). In the 2018 civil action, the transcript was 295 pages, *Finnegan I* at Dkt. 18, and the opening brief was 22 pages, *id.* at Dkt. 13. The Court accordingly finds that the first windfall factor does not warrant any downward adjustment.

Second, with respect to "the nature and length of the professional relationship with the claimant—including any representation at the agency level," *Fields*, 24 F.4th at 855, in *Fields*, plaintiff's counsel had represented the plaintiff from the start of his agency proceedings, including four separate hearings before Administrative Law Judges and multiple petitions to the SSA Appeals Council, further enabling plaintiff's counsel to efficiently brief its arguments

before the district court, and distinguishing the case from some other cases that had found a windfall.  *See id.* at 855.  Here, Attorney Bowes represented Plaintiff in his hearing and appeal in front of the SSA before this case was filed, (Bowes Decl. ¶¶ 14–17), as well as before this Court in the 2018 civil action, (*id.* ¶ 9).  Therefore, as in *Fields*, counsel had familiarity with the case, which enabled him to be more efficient in briefing this matter before this Court.  *See Fields*, 24 F.4th at 855.

Third, the Court presumes that Plaintiff is satisfied with receiving the past-due benefits that he sought; there is no evidence in the record to the contrary.  Moreover, "[P]laintiff received a favorable result from this action; [he] was awarded benefits for the entirety of [his] alleged disability period."  *Munoz v. Comm'r of Soc. Sec.*, No. 20-CV-2496 (KAM), 2023 WL 5310742, at *3 (E.D.N.Y. Aug. 17, 2023).  Indeed, the past-due benefits awarded in this case are sizeable, and largely account for the magnitude of the requested attorney's fees.  Therefore, the third factor does not warrant any downward adjustment.

Lastly, with respect to "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result," the Court notes that the SSA denied benefits even after the first remand by the district court.  This is similar to the facts in *Fields*, where the Court noted this procedural posture as an indication of a close case: "A windfall is more likely to be present in a case, unlike this one, where the lawyer takes on a contingency-fee representation that succeeds immediately and with minimal effort, suggesting very little risk of nonrecovery."  *See Fields*, 24 F.4th at 856.

For the reasons explained above, the Court finds the requested amount to be reasonable.  Attorney Christopher James Bowes is awarded $76,909.25.  Additionally, upon receiving the § 406(b) award, Attorney Bowes shall promptly refund Plaintiff $5,050, which represents the

EAJA fees already received by counsel, along with $5,042.09, which represents the EAJA fees that he did not seek but has elected to credit to Plaintiff.

## CONCLUSION

For the reasons explained above, the pending motion for attorney's fees under 42 U.S.C. § 406(b) is granted, and Attorney Christopher James Bowes is awarded $76,909.25. Upon receipt of this award from the government, Attorney Bowes shall promptly refund Plaintiff $5,050, which represents the EAJA fees already received by counsel, as well as $5,042.09, which represents the EAJA fees that he did not seek but has elected to credit to Plaintiff. The case remains closed.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: October 15, 2024
       Brooklyn, New York